IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARRYL DEWAYNE FRAZIER | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-2539-M |
| | § | |
| DAN JOSLIN, Warden, | § | |
| FCI-Seagoville | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Darryl Dewayne Frazier, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the application should be construed as a motion to correct, vacate, or set aside sentence and dismissed for lack of subject matter jurisdiction.

I.

Petitioner is serving a 262-month sentence for aiding and abetting in the distribution of "crack" cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. His conviction and sentence were affirmed on direct appeal. *United States v. Frazier*, No. 97-51058 (5th Cir. Oct. 22, 1998). Petitioner also filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. The motion was denied. *United States v. Frazier*, No. W-99-CA-351 (W.D. Tex. May 24, 2000), *appeal dism'd*, No. 01-50597 (5th Cir. Jul. 10, 2001).

Petitioner now seeks relief by way of an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In two related grounds, petitioner contends that: (1) his sentence enhancement as a career offender was based on facts not alleged in the indictment or proven to a jury beyond a

reasonable doubt; and (2) his attorney was ineffective for failing to challenge the sentence enhancement. Process has been withheld pending a preliminary screening of the habeas petition.

II.

As a preliminary matter, the court must determine whether these claims are properly raised in a section 2241 habeas petition. A collateral attack on a federal criminal conviction is generally limited to a motion to correct, vacate or set aside sentence under 28 U.S.C. § 2255. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). An application for writ of habeas corpus brought under 28 U.S.C. § 2241 is properly construed as a section 2255 motion if it seeks relief based on errors that occurred at trial or sentencing. *Id.* at 877-88. However, habeas relief may be appropriate when the remedy provided under section 2255 is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830-31 (5th Cir. 2000), *cert. denied*, 122 S.Ct. 476 (2001). A petitioner must satisfy two factors to show inadequacy. First, the claim must be "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense." *Id.* at 830, *quoting Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Second, the claim must have been "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Id.*

Although not cited by petitioner in any of his pleadings, his claims appear to be predicated on the rule announced in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).[1] However, nothing in *Blakely* or *Booker* suggests that those rulings apply retroactively. *Booker*, 125

---

[1] In *Blakely*, a majority of the Supreme Court held that an enhanced sentence imposed by a judge under the Washington Sentencing Reform Act, which was based on facts neither admitted by the defendant nor found by a jury, violated the Sixth Amendment to the United States Constitution. *Blakely*, 124 S.Ct. at 2538. *Booker* extended that holding to invalidate the mandatory nature of the federal sentencing guidelines. *Booker*, 125 S.Ct. at 759.

S.Ct. at 759 (Breyer, J.), *citing Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987) (holding that decision applies "to all cases on *direct review*") (emphasis added). *See also United States v. Gentry*, ___ F.3d. ___, 2005 WL 3317891 at *2 (5th Cir. Dec. 8, 2005) (holding that *Booker* is not applicable to cases already final); *In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005) (same). Nor do those cases implicate petitioner's conviction for a substantive offense. That petitioner may be precluded from raising these claims in a second or successive section 2255 motion does not make that remedy "inadequate or ineffective." *See Jeffers*, 253 F.3d at 830; *Anthony v. Joslin*, No. 3-05-CV-1790-K, 2005 WL 2778657 at *1 (N.D. Tex. Oct. 24, 2005) (Kaplan, J.), *rec. adopted*, 2005 WL 3150235 (N.D. Tex. Nov. 14, 2005). Under these circumstances, petitioner is precluded from challenging his conviction under 28 U.S.C. § 2241.

### III.

Having determined that this action must be brought under section 2255, the court now turns to the issue of jurisdiction. A federal prisoner must seek habeas relief from the court which sentenced him. 28 U.S.C. § 2255; *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000), *citing Cox v. Warden, Federal Detention Center*, 911 F.2d 1111, 1113 n.2 (5th Cir. 1990). This filing requirement is jurisdictional. *United States v. Mares*, 868 F.2d 151, 152 (5th Cir. 1989). Because petitioner was convicted and sentenced in the Western District of Texas, jurisdiction is proper only in that district.

### **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be construed as a motion to correct, vacate, or set aside sentence and dismissed without prejudice for lack of subject matter jurisdiction.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written

objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  January 18, 2006.

                                              JEFF KAPLAN
                                              UNITED STATES MAGISTRATE JUDGE